MAGER, Judge
(dissenting):
The posture of this case indicates that the defendant withdrew his previously entered plea of riot guilty to possession of pento-barbital and entered a plea of nolo con-tendere to the charge reserving his right to appeal the court’s denial of his motion to continue.
With all due respect to the majority and the able trial judge, in my humble opinion the denial of defendant’s motion for continuance constitutes an abuse of discretion.
Although the record reflects that defendant originally retained private counsel who ultimately withdrew because of defendant’s failure to communicate and cooperate with such counsel, the record likewise reflects the appointment of a public defender some three weeks before the scheduled trial date and an indication that defendant has fully cooperated with his public defender.
In filing his motion for continuance the public defender alleged a lack of sufficient time to prepare a defense; and, in particular to take the deposition of certain witnesses whose existence was discovered a few days prior to trial. The public defender asserted that a deposition taken of one of the listed state’s witnesses (a police officer) revealed the existence of other individuals (police officers) whose depositions were necessary in connection with the legality of the search and seizure resulting in defendant’s arrest. The record reflects that the presence of these other officers was also unknown to the state and for that reason the names of these officers had not been previously made known to the defendant in the state’s response to the defendant’s demand for discovery.
*432 The foregoing circumstances, coupled with the fact that the state did not oppose defendant’s motion for continuance, suggests compelling reasons why the denial of a continuance was prejudicial to the defendant’s preparation of his defense. I would reverse.